UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────

AARON K. SEARLE, *et al.*,

                Plaintiffs,

      -against-                            **ORDER**

GILEAD SCIENCES, INC.,               22 Civ. 352 (ER)

                Defendant.
─────────────────────────────────────────

RAMOS, D.J.

      On January 13, 2022, Plaintiffs, several dozen New York residents, brought this action against Gilead Sciences, Inc. ("Gilead"), alleging that they were injured by taking certain of Gilead's prescription drugs.  Doc. 1.  The parties now move jointly pursuant to 28 U.S.C. § 1404(a) to transfer this action to the Northern District of California.  Doc. 10.  For the reasons set forth below, the motion is GRANTED.

      **I.**      **Background**

      Plaintiffs allege that Gilead intentionally designed the prescription drugs Viread, Truvada, Atripla, Complera, and Stribild, all of which contain the ingredient tenofovir disoproxil fumarate ("TDF"), to be unreasonably and unnecessarily toxic to patients' kidneys and bones while purposefully withholding a safer design of the drug for over a decade to increase profits.  *See* Doc. 1.  They bring claims for, *inter alia*, products liability and violations of state consumer protection laws.  *See id.*

      In 2018, the plaintiffs in *Holley, et al. v. Gilead Sciences, Inc.*, No. 4:18-cv-06972-JST (*Holley*) filed a complaint in the Northern District of California alleging substantially similar facts and asserting the same causes of action as in the case at bar.  Doc. 12 at 3.  Since the filing

of the *Holley* action, the Northern District of California has consolidated several actions with similar allegations arising from plaintiffs' use of Gilead's TDF drugs. *Id.* There are currently 54 cases involving more than 2,800 plaintiffs consolidated with *Holley* for pretrial purposes, including seven cases transferred from district courts around the country pursuant to 28 U.S.C. § 1404(a). *Id.*

### II.     Legal Standard

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "The purpose of this provision is to 'prevent waste of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Tillery v. NYS Office of Alcoholism & Substance Abuse Servs.*, 2013 WL 6405326, at *3 (S.D.N.Y. 2013) (quoting *Fuji Photo Film Co. v. Lexar Media, Inc.*, 415 F.Supp.2d 370, 372 (S.D.N.Y. 2006)). "The statute gives the district court wide discretion to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Id.* (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

When determining whether to transfer a case from one judicial district to another, a court first examines whether the case could have been brought in the other district. *Pence v. GEE Grp., Inc.*, 236 F. Supp. 3d 843, 849 (S.D.N.Y. 2017). Second, courts consider several factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded

to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

### III. Discussion

The parties agree that both elements of the § 1404(a) analysis are met. Doc. 12 at 5. First, Gilead has its principal place of business in the Northern District of California and thus is subject to personal jurisdiction in that district. *Id.* The parties are completely diverse, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Accordingly, this case could have been brought in the Northern District of California pursuant to 28 U.S.C. § 1391(b).

Second, the balance of factors supports transfer to the Northern District of California, as all factors either weigh in favor of transfer or are neutral. Doc. 12 at 6–9. The convenience of the parties and of witnesses favors transfer, as counsel have been litigating similar cases in the Northern District of California since 2018 and are familiar with the relevant case management orders entered by the *Holley* court, and the majority of Gilead employees who may be called as witnesses reside in California. *Id.* at 6–7, 12–17. The availability of compulsory process likewise favors transfer, since federal courts can only compel the appearance of witnesses who reside in the district or are located within 100 miles of the place of trial. *Id.* at 7 (citing Fed. R. Civ. P. 45(c)(1)(A)). The location of evidence and judicial economy also support transfer to the Northern District of California so that this case may be consolidated with *Holley*. Accordingly, the parties have established that transfer under § 1404(a) is warranted.

### IV. Conclusion

For the reasons set forth above, the parties' motion to transfer is granted. The Clerk of

Court is respectfully requested to transfer this action to the United States District Court for the Northern District of California.

It is SO ORDERED.

Dated: February 1, 2022
      New York, New York

                                                           Edgardo Ramos, U.S.D.J.